IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Plaintiff,

        v.

SONIMAR MARINE CORP., et al.,

    Defendants.

CIVIL NO. 12-1420 (JAG)

**OPINION AND ORDER**

    Pending before the court is defendants Sonimar Marine Corp. and José A. Mercado Fernández's motion to strike plaintiff's first and second amended complaints, plaintiff National Union Fire Insurance Company of Pittsburgh, PA's response in opposition, defendants' reply, and plaintiff's sur-reply. ECF Nos. 37, 40, 43, 48. For the reasons set forth below, the motion to strike is DENIED.

    Plaintiff filed the original complaint for declaratory judgment on June 4, 2012, alleging, *inter alia*, that an investigation of the engine failure of defendants' yacht revealed that "the raw (salt) water cooling pumps of the failed engine was in a severe state of deterioration caused by lack of maintenance and wear and tear." ECF No. 1, ¶11. In their answer to the complaint filed on August 29, 2012, defendants alleged, however, that their investigation "determined that the weep hole cavity of the raw water (seawater) pump became corroded with iron oxide over a relatively long period of time as a result of the corrosion of the cast iron center housing material when it is exposed to seawater." ECF No. 8, ¶11.

    On September 7, 2012, plaintiff filed an amended complaint stating that its "investigation revealed that the raw (salt) water cooling pumps of the failed engine was in a severe state of

deterioration caused by lack of maintenance, wear and tear, *rust and corrosion*." ECF No. 14, ¶11 (emphasis added). On October 16, 2012, the court granted leave to file a second amended complaint, but solely to remove the cause of action for misrepresentation. ECF No. 22 at 1. A second amended complaint was thus filed, reiterating the allegation of the first amended complaint that the "investigation revealed that the raw (salt) water cooling pumps of the failed engine was in a severe state of deterioration caused by lack of maintenance, wear and tear, *rust and corrosion*." ECF No. 21, ¶12 (emphasis added).

Defendants move to strike the first and second amended complaints, arguing that plaintiff changed its theory for the cause of the loss by adding rust and corrosion without explanation. Defendants claim that plaintiff mislabeled the supplemental complaints as amended complaints and that Federal Rule of Civil Procedure 15(d), as opposed to Rule 15(a), applies. In filing what defendants view as supplemental complaints, plaintiff allegedly failed to provide reasonable advance notice, depriving the court of the opportunity to exercise its discretion on whether such supplemental complaints should have been allowed.

With respect to the first amended complaint, defendants implicitly assume that the fact that plaintiff's investigation revealed rust and corrosion is an event that happened after the date that the original complaint was filed. Although such assumption may or may not be true, the court will neither engage in nor rely on speculation as to whether plaintiff's investigation discovered rust and corrosion before or after the filing of the original complaint. Furthermore, the first amended complaint was filed well within twenty-one days after the answer to the complaint was filed. Fed.R.Civ. 15(a)(1)(B).[1] Although defendants strenuously argue that the filing of the first amended complaint was circumscribed by Fed.R.Civ. 15(c), their reasoning is unpersuasive. "Although Rule 15(c) applies to all pleading amendments that satisfy its

---

[1] No Rule 12(b), (e), or (f) motion appears to have been filed prior to the answer to the original complaint.

requirements, the doctrine of relation back is of importance primarily in the context of amendments with leave of court under Rule 15(a) when the statute of limitations is implicated." 6A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d §1496.  Defendants have not clearly articulated any statute of limitations issue in the case presently before the court.  Ultimately, no actual prejudice has been shown by defendants regarding an amendment to the complaint filed more than a month before the Initial Scheduling Conference was held and adding an allegation of corrosion, the presence of which is acknowledged by defendants themselves in their answer to the original complaint.

Defendants' argument with respect to the filing of the second amended complaint does not need a lengthy discourse.  At the Initial Scheduling Conference held on October 16, 2013 the court allowed the filing of a second amended complaint solely to remove the cause of action for misrepresentation.  ECF No. 22.  "Inasmuch as the discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental pleading, the court's inattention to the formal distinction between amendment and supplementation is of no consequence."   6A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d §1504.

WHEREFORE, defendants' motion to strike (ECF No. 37) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of November, 2013.

s/Marcos E. López  
U.S. Magistrate Judge